Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3234 | **DATE** | 7/9/2002 |
| **CASE TITLE** | Chesler vs. Trinity | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying Reid's Motion for Finding of Good Faith Settlement. /s/ Geraldine Soat Brown

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 11 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 284 |
| | Mail AO 450 form. | | 7/9/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| courtroom deputy's initials | tw | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT CLERK
02 JUL 10 PM 2:31

ROBERT CHESLER )
    Plaintiff, ) Cause No. 99 C 3234
)
v. ) Magistrate Judge Geraldine Soat Brown
)
TRINITY INDUSTRIES, INC., et al. )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This case comes to be heard on the motion of third party defendant Tim Reid for a finding of good faith settlement. [Dkt # 246.] For the reasons set out herein, that motion is DENIED.

## FACTUAL BACKGROUND

This case arises out of a personal injury incurred by plaintiff Robert Chesler, an Illinois resident, in Nebraska. Chesler was driving through Nebraska with third-party defendant Tim Reid, in a car owned by Reid's father. Under disputed factual circumstances, Chesler stopped the car, Chesler and Reid both exited the car, a collision occurred involving a truck owned by defendant Trinity Industries Transportation, Inc. ("Trinity"), and Chelser was injured.

Chesler brought this action for damages against Trinity. Trinity brought third-party complaints for contribution against Reid and others. Chesler never sued Reid. Reid's motion for summary judgment was denied. The case went to jury trial in April and May, 2001. Chesler asked the jury for a verdict of $20 million in damages. After the jury had retired to consider its verdict but before the verdict was reached, the attorney for Reid and the attorney for Chesler announced in open

1

court that Reid and Chesler had reached an agreement to settle. The agreement was described as a "high/low" agreement. On May 4, 2001, the jury returned a verdict of $11,230,000, which was reduced by a finding of 20% fault attributable to Chesler. On Trinity's third-party claim for contribution against Reid the jury found "0%," *i.e.*, no liability. Subsequently, the jury verdict was vacated and a new trial was ordered. Reid was ordered to file by April 8, 2002, any motion that he intended to make seeking a finding under the Illinois Joint Tortfeasors Contribution Act, 740 Ill. Comp. Stat.100/2. Reid subsequently filed his Motion for Finding of Good Faith Settlement. Trinity was given leave to file a response.

Attached to Reid's motion were an affidavit by Matthew Ligda, the attorney who represented Reid during the trial, and a copy of the document entitled "High/Low Agreement and Covenant Not to Execute." Mr. Ligda states that before the trial began, on behalf of his client he extended a "high/low" offer to Chesler, which was not accepted until after the jury was given the case to deliberate. The High/Low Agreement, which recites that it was entered into on May 2, 2001, provides, in relevant part, as follows:

> In exchange for a guaranteed payment of $5,000.00 irrespective of the jury's verdict, Robert Chelser will agree to limit recovery no matter how high the award against Time Reid to $50,000.00;
>
> The parties agree to present a motion for good faith finding pursuant to Illinois Statute 740 ILCS 100/2 or Nebraska Statute § 25-21, 185.09 and § 25-21, 185.11 in the event a verdict is entered against Tim Reid on the third party action for contribution filed against him for the amount due pursuant to the aforementioned high/low agreement;
>
> In the event the court refuses to enter such an order or make such a finding, Chesler agrees to execute only that portion of the judgment collectible against any defendants to the action except Tim Reid, to extinguish any rights of contribution that may exist against Tim Reid; . . .

> It is further understood that this Covenant Not to Execute does not release or discharge from liability, any person or entity, whether known or unknown, in the aforementioned action.

Interestingly, the copy attached to the motion is not signed by either Chesler or Reid, and no executed copy of the High/Low Agreement has ever been presented to the Court. Reid's Brief in Support of Enforcement of Agreement states that both Reid and Chesler agree that a settlement agreement was reached on May 3, 2001 and that there was no written execution of the agreement, but that the High/Low Agreement accurately reflects the terms of their settlement agreement. [Dkt # 250.] In support of his argument, Reid attaches responses to requests to admit served by Trinity that were executed by counsel for Reid and counsel for Chesler. There has been nothing submitted evidencing agreement to the High/Low Agreement by Reid and Chesler (as opposed to their counsel).

In view of the imminent retrial of the case, the dispute to be decided at this time is whether the High/Low Agreement has the effect of extinguishing any liability that Reid may have on Trinity's claim for contribution.

As an initial matter, Trinity argues that Nebraska law applies to determine the effect of the High/Low Agreement on Reid's liability to Trinity. In July, 1999, then-District Judge Ann Williams, to whom this case was initially assigned, decided that liability issues were to be determined by Nebraska law and issues regarding damages were to be determined by Illinois law. [Dkt # 12.] The difference between applying Illinois and Nebraska law relating to settlement agreements is potentially significant. The Illinois Joint Tortfeasor Contribution Act, 740 Ill. Comp. Stat. 100/2(c) provides:

> When a release or covenant not to sue or not to enforce judgment is given in good

3

faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others *to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.*

(Emphasis added.)

In other words, if the plaintiff settles in good faith with one joint tortfeasor, the plaintiff still retains a right of recovery for all of his damages against the non-settling tortfeasor, but the non-settling tortfeasor's right of contribution for any amount in excess of his pro rata share of liability has been extinguished, replaced with a right to offset only the amount that the plaintiff has received in the settlement. Thus, the non-settling tortfeasor runs the risk of having to pay more than his pro rata share of liability.

The Nebraska statute is different. Contrary to the implication in the High/Low Agreement, Nebraska law does not provide for a "good faith finding." Nebraska Rev. Stat. § 25-21, 185.11 provides:

> (1) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall discharge that person from all liability to the claimant but shall not discharge any other persons liable upon the same claim unless it so provides. *The claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact.*
>
> (2) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall preclude that person from being made a party or, if an action is pending, shall be a basis for that person's dismissal, but the person's negligence, if any, shall be considered in accordance with section 25-21, 185.09.

(Emphasis added.)

The settlement with and release of a joint tortfeasor under the Nebraska statute would not

4

result in the non-settling tortfeasor being required to pay more than its proportionate share of the total amount of the plaintiff's damages. Rather, the trier of fact determines the shares of responsibility of all of the tortfeasors, and the joint obligation is reduced by the amount of the settling defendant's share of liability. The plaintiff runs the risk that he has settled for too small an amount with the settling tortfeasor.

As previously noted, Trinity argues for the application of Nebraska law. In his Reply to Defendant Trinity's Response, Reid does not argue that applying Nebraska law would be incorrect. [Dkt # 276.] The Court finds that Nebraska law applies to determine the affect of the agreement, if any, on Trinity's claim for contribution from Reid. Federal courts sitting in diversity jurisdiction, as here, apply the choice of law standards of the forum state to determine what state's laws are to be used to resolve the substantive claims in conflict. *Gadzinski v. Chrysler Corp.*, 00 C 6229, 2001 WL 629336, at *1 (N.D. Ill. May 29, 2001)(Plunkett, J.), citing *Juniper Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000). For tort actions, Illinois courts apply the law of the state where the injury occurred (in this case, Nebraska) unless another state has a more significant relationship with the occurrence and the parties. *Gadzinski*, 2001 WL 629336 at * 1; *Wreglesworth v. Arctco, Inc.*, 738 N.E.2d 964, 971 (Ill. App. 2000). The first step in this analysis is to identify the issue before the Court. The object of Reid's motion for good faith finding is not the enforcement of High/Low Agreement *vis a vis* Chesler, but rather the dismissal of Trinity's third-party complaint for contribution. Thus, the issue currently before the court is not the validity of the High/Low Agreement, nor an interpretation of that Agreement, but rather its effect, if any, on Reid's liability to Trinity for contribution. Judge Williams has previously determined that issues of liability will be governed by Nebraska law, and that ruling is the law of this case. The issue does not involve the

5

elements or proof of Chesler's damages, and thus, under Judge Williams' ruling, it is not determined by Illinois law. Furthermore, while Chesler and Reid are Illinois residents and the High/Low agreement was negotiated in Illinois, Trinity is not an Illinois resident. All of Trinity's actions that are alleged to give rise to the Chesler's claim, as well as the injury itself, took place in Nebraska. Nebraska has a superior interest in having its statutory scheme for allocating liability for injury followed.

As discussed above, the Illinois process of making a finding of good faith settlement to discharge contribution liability has no counterpart under Nebraska law. Even if the High/Low Agreement were deemed to be the type of agreement that is referred to in Nebraska Rev. Stat. § 25-21,185.11, it would not have the effect of requiring Trinity to pay more than its proportionate share of liability. Reid's share of fault for Chesler's injury, if any, will still have to be determined by the jury. Thus, Reid's motion for finding of good faith settlement is denied.

The only remaining issue is whether Reid remains in the case as a defendant, or if under Nebraska law, the High/Low Agreement results in his dismissal. As previously noted, subparagraph(2) of Nebraska Rev. Stat. § 25-21,185.11 states, in relevant part, "A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable... shall be a basis for that person's dismissal...." However, looking at the High/Low Agreement puts to rest any question that it was intended to effectuate Reid's dismissal pursuant to subparagraph 2 of the Nebraska statute. After specifically referring to Neb. Rev. Stat. § 25-21,185.11, the High/Low Agreement states, "It is further understood that this Covenant Not to Execute does not release or discharge from liability, any person or entity, whether known or unknown, in the aforementioned action." The entire agreement is premised on the assumption that there will be a judgment of some

6

nature entered involving Reid, which Chesler agrees not to execute beyond the amount of $50,000. That agreement cannot be read to intend a dismissal of Reid as a defendant.

For the foregoing reasons, Reid's Motion for Finding of Good Faith Settlement is denied.

**IT IS SO ORDERED.**

/GERALDINE SOAT BROWN
**United States Magistrate Judge**

**DATED: July 9, 2002**