Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3234 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Chesler vs. Trinity | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, third-party defendant Reid's motion for summary disposition [273-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 361 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/24/20026 | |
| tw | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT CHESLER <br>     Plaintiff, | Cause No. 99 C 3234 |
| v. | Magistrate Judge Geraldine Soat Brown |
| TRINITY INDUSTRIES, INC., et al. <br>     Defendants. | |

## MEMORANDUM OPINION AND ORDER

This personal injury case went to trial in 2001, but the jury's verdict was vacated and a new trial was ordered. The parties are now before the court once again on third-party defendant Tim Reid's motion for summary disposition on the third-party complaint of Trinity Industries Transportation, Inc. ("Trinity"). [Dkt 273.] Trinity's third-party complaint alleges, among other things, that Reid was negligent in failing to remove his vehicle from the roadway, failing adequately to warn other motorists of the presence of his vehicle in the roadway, and failing to turn on his vehicle's interior light and all directional turn signals while his car was parked on the roadway in violation of Neb. Rev. St. § 60-6,220 (2001). (Trinity's 2d Am. Third Party Compl. at 10 ¶ 7(a)-(e).) Reid submitted a motion for summary judgment before the previous trial, which was denied.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment must show that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*,

477 U.S. 317, 325 (1986). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that judgment as a matter of law would be inappropriate in the present case. *Hedberg v. Indiana Bell Co.*, 47 F.3d 928, 931 (7th Cir. 1995). In determining whether a genuine issue of material fact exists, the court must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Because the accident took place in Nebraska, Nebraska law governs substantive issues of liability.[1] For the reasons that follow, Reid's motion is denied.

The following facts are essentially undisputed. Reid and plaintiff Robert Chesler had been driving west on Interstate 80 in a white Honda registered to Reid's father. (Reid's Statement of Undisputed Material Facts ("Reid's Stmt.,") included in Reid's Mot. for Summ. Disp. at 2-11, ¶ 5; Trinity's Resp.to Reid's Stmt. ("Trinity's Resp. Stmt.") ¶ 5 [dkt 281].) Reid drove initially, turning the driving over to Chesler in the early morning of March 13, 1999. (*Id.* ¶ 6.) Chesler had been driving for approximately an hour and a half before the collision occurred. (*Id.* ¶ 7.) Because of an accident ahead in which a semi-trailer truck had jackknifed, other vehicles were stopped in the westbound lanes. (*Id.* ¶¶ 12, 14.) When a vehicle ahead began to brake, Chesler also began to brake the Honda, coming to a stop at an angle to the westbound lanes of travel. (*Id.* ¶¶ 15-19.) The back part of the Honda was sticking out into the roadway, at an angle. (Trinity's Controverting Stmt. ¶ 5.) After the Honda came to a stop, Chesler and Reid both exited the vehicle, inspected the vehicle for possible damage, then went to speak to drivers of other vehicles. (Reid's Stmt. ¶¶ 25-26.)

---

[1] Contrary to Reid's assertion (Reid's Mem. Supp. Summ. Disp. ("Reid's Mem.") at 1 [dkt 274]), this court did not rule that Nebraska law controls the procedure of this case. The Federal Rules of Civil Procedure govern this case, and the federal summary judgment standard is to be applied even though state substantive law applies in a diversity case. *Reid by Reid v. Norfolk & Western Ry Co.*, 157 F.3d 1106, 1110, n.2 (7th Cir. 1998).

Neither Chesler nor Reid turned on the hazard lights when the Honda stopped because, the way the Honda was turned, they would not have been seen by anyone approaching anyway. (Trinity's Controverting Stmt. ¶ 6.) As they were standing talking, Trinity's vehicle approached, the collision occurred and Chesler was injured.

Reid's first argument is that he owed "no duty" to plaintiff Chesler. (Reid's Mem. at 2.) Reid states that he was the owner of the Honda. (*Id.*) However, Reid argues that he was a "guest" at the time of the collision because Chesler had been driving the Honda for approximately one hour prior to stopping. Reid argues that his guest status extends to the time after he and Chesler exited the Honda before the collision. As a guest, Reid contends, he had no duty either to move the vehicle, activate emergency lights, or otherwise to warn other motorists of the presence of the vehicle. Reid relies on *Bartek v. Glazers Provisions Co.*, 71 N.W.2d 466 (Neb. 1955) and *Scott v. Service Pipe Line Co.*, 65 N.W.2d 219 (Neb. 1954). In *Bartek*, the Nebraska Supreme Court held (quoting prior authority) that "'[w]here the owner is a passenger in his own automobile while it is being operated by another, the negligence of the operator is not imputable to the owner, except . . . where the operator and the owner are engaged in a joint enterprise, or where the owner assumes to direct the operation of the automobile and to exercise control over it.'" 71 N.W.2d at 473 (citation omitted). Trinity responds that *Bartek* and *Scott* are limited to situations in which an accident occurs while the vehicle is being operated and therefore do not apply to this situation.

Reid's argument overlooks the basic principle that all persons, regardless of their status, have a duty to use reasonable care. "The gist of negligence is failure to exercise the care of a reasonable and prudent person under a given set of circumstances." *Fahrenbruch v. Peter Kiewit Sons' Co.*, 27 N.W.2d 680, 681 (Neb. 1947) (quoting prior authority). For example, the court in *Bartek* did not

3

say that a guest has *no* duty, but rather quoted prior authority holding that:

> [t]he guest is not required to use the same degree of care as develops upon the driver. If the guest perceives danger, or if at certain times and places should anticipate danger, he should warn the driver. Ordinarily the guest need not watch the road or advise the driver in the management of the automobile.

71 N.W.2d at 472. Likewise, in *Scott* the court stated, "The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinary prudent person under similar circumstances. The guest is not required to exercise the same degree of care as the driver. If the guest observes danger, or if danger should ordinarily be anticipated, the guest should warn the driver, but . . . [w]here a driver observed or should have observed the danger as well as the guest, the guest is not ordinarily negligent in failing to warn the driver." 65 N.W.2d at 222. What reasonable care requires depends on the circumstances, and, in *Bartek* and *Scott,* the relevant circumstances included the fact that the plaintiff in those cases was, at the time of the collision, a passenger, not the driver of one of the vehicles.

Neither *Bartek* nor *Scott* demonstrates that Reid is entitled to judgment as a matter of law. *Bartek* involved a collision between a truck owned by the defendant and a car owned by the plaintiff. The plaintiff's husband was driving the plaintiff's car at the time of the collision, and the plaintiff was a passenger. The Nebraska Supreme Court held that the court properly refused to give an instruction of contributory negligence based solely on the evidence of negligence of the husband-driver. 71 N.W.2d at 472-73. However, here Trinity is not basing its claim against Reid on negligent actions of Chesler imputed to Reid. Rather, Trinity is claiming that Reid himself was negligent. *Scott* holds that where there was no evidence that the accident could have been avoided if the plaintiff, a passenger, had been watching the road, the trial court should not have submitted

4

the issue of contributory negligence to the jury.

Neither party has cited a case that involves the circumstances described by the undisputed facts set out above. At oral argument, Reid's counsel argued that the language of Nebraska's vehicle lights statute, which states that "the *operator* of any parked vehicle shall also turn on its interior lights if operable and vehicles equipped with an emergency switch for flashing all directional turnsignals [sic] simultaneously shall exhibit such turnsignals [sic]," mandates summary judgment for Reid. Neb. Rev. St. § 60-6,220 (2001)(emphasis supplied). Reid argues that, as a matter of law, he was not the operator of the car either before or after he and Chesler exited the vehicle. The statute does not define "operator" and the parties have provided no authorities construing that phrase. Reid has not demonstrated that, as a matter of law, he could not be considered an operator of the vehicle, given Reid's admission that he owned the car and had been driving the car immediately prior to Chesler, and issues of fact remain as to whether Reid asserted control over the vehicle after he and Chesler exited the Honda.[2]

However, even if it were determined that Reid was not the "operator" of the vehicle for purposes of the Nebraska statute, that alone would not result in summary judgment for Reid. The violation of a statute may be evidence of negligence to be considered with all other circumstances of the case (Fleischer v. Rosentrater, 207 N.W.2d 372, 375 (Neb. 1973)), but the converse is not correct. A party may still have failed to use reasonable care, even though no specific statute is violated. In *Fahrenbruch*, 27 N.W.2d at 681, the Nebraska Supreme Court rejected an argument similar to that advanced by Reid:

---

[2] Reid states that at all times Chesler had the keys to the car. (Reid's Stmt. ¶ 32.) However, as Trinity points out, the testimony cited by Reid for that statement does not support it. (Trinity's Resp. Stmt. ¶ 32.)

5

> [C]ontrary to defendants' contentions, the violation of a statutory duty is not a necessary prerequisite in order to establish actionable negligence. It may be established by evidence showing a breach of duty which one owes to another by reason of the relationship existing or the circumstances presented.

The circumstances presented in this case include the following: the fact that Reid was the owner of the car; that he had allowed Chesler to drive for a period of time prior to their stopping at mile 172; that both Reid and Chesler exited the car that was parked at an angle partially in the roadway; the weather and road conditions at the time; that there was a jack-knifed semi-trailer truck ahead causing traffic to back up; the circumstances under which the Honda came to a stop at an angle; the fact that Reid as well as Chesler stood by the Honda for a period of time, the length of which is disputed, but neither attempted to move the car or activate the hazard lights; whether the truck driven by Bernard Hanna for Western Industries, Inc. had previously collided with the car in front of it driven by Marilyn Hesse (which is disputed by Western) and, if so, whether Reid was aware of that collision. These are among the circumstances that the jury will have to consider to determine whether Reid breached his duty to failure to exercise the care of a reasonable and prudent person under these circumstances. Accordingly, summary judgment regarding whether Reid had a duty to move his car, activate emergency flashers, or otherwise warn other motorists is denied.[3]

Secondly, Reid argues that the alleged negligence of Norman Beaty, the driver of Trinity's truck, was the sole proximate cause of the accident and, therefore, Reid's failure to activate his

---

[3] In his memorandum, Reid alludes to but does not cite a Nebraska guest statute, presumably Neb. Rev. St. § 25-21,237 (Reissue 1995). (Reid's Mem. at 3.) That statute states in pertinent part that "the owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person related to such owner or operator as spouse or within the second degree of consanguinity or affinity who is riding in such motor vehicle as a guest" unless the damage is caused by the owner or operator's gross negligence. That statute does not apply to this situation because, by Reid's prior counsel's earlier admission, Reid and Chesler are not related by blood. (Reid's Mot., Ex. H at 10-11.)

hazard or dome lights or move the vehicle could not be a proximate cause. Reid cites Nebraska's "range of vision" rule. The argument that the range of vision rule establishes that Trinity's driver Beaty was negligent as a matter of law and the sole proximate cause of the collision was also made by Western Industries, Inc. and Bernard Hanna in their Motion for Summary Judgment. [Dkt 277.] Trinity disputes that Beaty was negligent, and argues that even if he were, such negligence would not eliminate Reid's liability for his negligence in causing an obstruction to be placed in the roadway and failing to move the vehicle or warn other motorists. *See Brown v. Nebraska Public Power Dist.*, 306 N.W.2d 167, 171 (Neb. 1981) (a jury's finding that a party to a collision was negligent does not necessarily insulate from liability the party causing an obstruction on the roadway). Reid's motion based on the range of vision rule is denied for the same reasons that Western and Hanna's motion is also being denied. *See* Memorandum Opinion and Order denying Western and Hanna's motion at 5-8.

Significantly, in arguing that "uncontested facts" establish that summary judgment should be entered against Trinity on the issue of proximate cause, Reid relies substantially on the testimony of Bernard Hanna. (Reid's Mem. at 6-8). However, significant portions of Hanna's testimony are contradicted by other evidence in the record. *See* Memorandum Opinion and Order at 3-4.

At oral argument, Reid's counsel argued that because Reid was not driving prior to the collision, Reid did not cause or create an obstruction. Thus, Reid contends, *Brown* and other Nebraska obstruction cases are not applicable to Reid in this case. As discussed above, Reid has not established his right to summary judgment regarding Trinity's claim that Reid was negligent in failing to move the vehicle and to warn other motorists. Issues of fact and the inferences to be drawn from the facts also prevent summary judgment as to whether Reid caused an obstruction that may

7

be a proximate cause of Chesler's injuries. In *Drawbridge v. Douglas County*, 311 N.W.2d 898, 902 (Neb. 1981), the Nebraska Supreme Court found that, even though a patrolman did not place a disabled vehicle on the highway, he was exercising control over the situation and, as such, it could be found that he failed to use due care to warn approaching traffic that the roadway was obstructed, and that this failure to warn was a proximate cause of the accident.

Further, Reid states, "[N]o one knows whether Mr. Chesler was struck by the Reid vehicle or the trailer of the Beaty vehicle." (Reid's Mem. at 9.) In light of this state of the record, the court cannot as a matter of law rule out the possibility that Reid's failure to move his vehicle contributed to Chesler's injuries. Accordingly, the issue of proximate cause in this case is for the jury. *See Looney v. Pickering*, 439 N.W.2d 467, 472 (Neb. 1989) (holding that questions of negligence on the plaintiff's and defendants' parts were questions for the jury, and that a question of fact existed as to whether the plaintiff's negligence in failing to avoid defendants' parked vehicle was the sole proximate cause of an accident).

For the reasons set forth above, Reid's motion for summary disposition [dkt 273] is DENIED.

**IT IS SO ORDERED.**

/s/ Geraldine Soat Brown
GERALDINE SOAT BROWN
United States Magistrate Judge

DATED: July 24, 2002