Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3234 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Chesler vs. Trinity | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, third-party defendants Bernard Hanna and Western Industries, Inc's motion for summary judgment [277-1] is denied.

/s/ Geraldine Soat Brown

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 362 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/24/20026 | |
| tw | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice<br>mailing deputy initials | |


JUL 2 5 2002

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT CHESLER<br>    Plaintiff,<br><br>v.<br><br>TRINITY INDUSTRIES, INC., et al.<br>    Defendants. | Cause No. 99 C 3234<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

This case is presently before the Court on the motion of third-party defendants Bernard Hanna ("Hanna") and Western Industries, Inc. ("Western") for summary judgment on the complaint of third-party plaintiff Trinity Industries Transportation Inc. ("Trinity"). (Hanna and Western's Mot. Summ. J. [dkt 277].) (For simplicity, this opinion will refer to "Western" when referring to Hanna and Western collectively, and to "Hanna" when referring to Bernard Hanna.) This case is a personal injury action arising out of a collision that occurred on March 13, 1999 on Interstate 80 in Nebraska. Nebraska law governs the issues of liability in this case.[1] Briefly, the circumstances giving rise to this case arose when a semi-trailer truck jacknifed on I-80, causing traffic blockage. Plaintiff Robert Chesler, was driving west with third-party defendant Tim Reid in a car registered to Reid's father. The Reid car, which had been driving in the right lane, came to a stop on Interstate 80; the precise

---

[1] Contrary to Western's assertion (Western's Mem. Supp. Mot. Summ. J. at 2 [dkt 270]), this court did not rule that Nebraska law controls the procedure of this case. The Federal Rules of Civil Procedure govern this case, and the federal summary judgment standard is to be applied even though state substantive law applies in a diversity case. *Reid by Reid v. Norfolk & Western Ry Co.*, 157 F.3d 1106, 1110, n.2 (7th Cir. 1998).

1

position of the stopped Reid car is disputed. Hanna was driving a truck owned by Western Industries, Inc., his employer. Hanna was also driving west but in the left lane. There is evidence that Hanna's truck struck the car in front of it driven by Marilyn Hesse, although Hanna testified at his deposition that he did not strike any vehicle. Trinity's truck driven by Norman Beaty was also traveling west in the right lane. There was a collision and Chesler was injured. Chesler brought this action, naming only Trinity as a defendant. Trinity brought third-party complaints against Reid and Western.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment must show that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that judgment as a matter of law would be inappropriate in the present case. *Hedberg v. Indiana Bell Co.*, 47 F.3d 928, 931 (7th Cir. 1995). In determining whether a genuine issue of material fact exists, the court must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). For the reasons that follow, Western's motion is denied.

Western argues that: (1) there was no evidence that Hanna was negligent; (2) the placement of the Western vehicle was not an intervening cause between Trinity's negligence and Chesler's injuries; (3) Western did not owe or breach a duty to Chesler; and (4) there is no evidence that Western failed properly to train, supervise or instruct Hanna. Trinity responds that Western owed

a duty of care to all others that day, including Chesler, and that Western breached that duty, *inter alia*, by Hanna's stopping his vehicle so as to block the left lane and partially blocking the right lane, by failing to move his vehicle even though it would have been possible to do so, and by failing to place flares, turn on his vehicle's interior light or otherwise properly warn Trinity of the danger posed by Hanna's stopped vehicle. Trinity's response does not address the issue of whether Western properly trained Hanna.

As a preliminary matter, under Nebraska law all drivers have a continuing duty to exercise reasonable care for the safety of others. *Chmelka v. Continental Western Ins. Co.*, 352 N.W.2d 613, 617 (Neb. 1984). Western does not cite any authority to the contrary. The issue is what constitutes reasonable care under the circumstances and whether the duty was breached.

In arguing that there is no evidence that Hanna acted negligently, Western's Statement of Undisputed Material Facts ("Western's Stmt.") included in Western's motion cites primarily from Hanna's own deposition testimony about his activities. (Hanna's deposition was Ex. G to third-party defendant Reid's Motion for Summary Disposition [dkt 275].) However, substantial parts of Hanna's testimony are contradicted by other testimony. Hanna claims that he was able to stop his vehicle without hitting anything; however, Marilyn and Leona Hesse both testified that Hanna struck their vehicle. (Trinity's Rule 56.1(a)(3) Stmt. ("Trinity's Response Stmt." [dkt 280]), Ex. 2 at 24-25; Ex. 3 at 32.) Further, there is a dispute as to the placement of Hanna's vehicle, which Hanna claims was stopped completely in the left lane. (Reid's Mot., Ex. G at 72.) Trinity has pointed to a photograph and testimony from Chesler suggesting that Hanna's vehicle may have been partially in the right hand lane. (Trinity's Response Stmt. ¶ 10, Ex. 1, Ex. 4 at 116.) A factual dispute exists as to whether Hanna immediately ran behind his vehicle with a flashlight to warn other vehicles, as

3

he contends. (Western's Stmt. ¶¶ 14-15.) Trinity cites other testimony of Hanna, as well as the testimony of witnesses Leona Hesse, Marilyn Hesse and Vijay Rudraraju to the effect that, after exiting his vehicle, Hanna approached the Hesses' car and spoke with them, walked around his truck, lit a cigarette, and, at the time the Trinity vehicle approached, was standing in the middle of the road talking with Chesler and Reid. (Trinity's Response Stmt. ¶¶ 14-15.) Western's claim that Trinity presents no evidence to refute Hanna's testimony or support Trinity's allegations that Hanna failed to warn other motorists (Western's Mem. Law Supp. Mot. Summ. J. at 5), is simply incorrect.

Likewise, Trinity has presented evidence that Hanna did not move his truck onto the shoulder, although he testified that there may have been sufficient room to park a car on the left shoulder (Reid's Mot., Ex. G at 61), and other testimony indicated that at least one other vehicle pulled out onto the left shoulder to drive around the jack-knifed truck ahead. (Trinity's Controverting Stmt. ¶ 8, Ex. 2 at 22, Ex. 3 at 30-31.) A prima facie violation of Nebraska statute § 60-6,164 is established by evidence that a person stopped, parked, or left a vehicle standing upon the main-traveled portion of a roadway. *Tapp v. Blackmore Ranch, Inc.*, 575 N.W.2d 341, 350-51 (Neb. 1998). Once a prima facie case has been established, the defendant has the burden overcoming the presumption, for example, by presenting evidence that it was not practicable to move the vehicle off the roadway. *Id.* If the defendant does so, a question of fact is presented for the jury. *Id.* at 351. Thus, the issue of whether it would have been practicable for Hanna to pull his vehicle off of the highway is not one that can be resolved on summary judgment but rather is a question for the jury.

Apparently it is undisputed that Hanna did not place cones or flares behind his truck after he stopped his truck, although he was aware that approaching vehicles would have difficulty seeing his vehicle. (Reid's Mot., Ex. G at 81-82.) Western argues that, in order to demonstrate negligence,

4

Trinity must demonstrate some precedent or statute that obligated Hanna to use flares or cones. However, that argument misapprehends Nebraska law.

> "The rule adopted in this state is: '. . .when one engaged in the lawful use of the highway causes an obstruction to be placed upon it in such a manner as to be dangerous to traffic, he must use ordinary care to prevent injury to others where he knows that said obstruction is calculated to do injury to travelers upon said highway. The negligence in such a case consists of having placed an obstruction upon the street, and leaving it in such a manner as will be dangerous to others using the street.'"

*Brown v. Nebraska Public Power Dist.* 306 N.W. 2d 167,170 (Neb. 1981), quoting *Simonsen v. Thorin*, 234 N.W. 628 (Neb. 1931). Whether Hanna's failure to use flares or cones to alert oncoming traffic was a breach of his duty of reasonable care under the circumstances is a question for the jury. *Looney v. Pickering,* 439 N.W.2d 467, 472 (Neb.1989)(whether defendants' actions in failing to warn motorists of presence of truck in the roadway were negligent was a question of fact).

Western argues that, by application of Nebraska's "range of vision" rule, Trinity was negligent as a matter of law and that Trinity's negligence was the sole proximate cause of Chesler's injuries. The range of vision rule is a common law principle that motorists who operate their vehicles in such a manner as to be unable to stop or turn aside without colliding with an object or obstruction within their range of vision are generally negligent as a matter of law. *See Horst v. Johnson,* 465 N.W.2d 461, 464 (Neb. 1991); *Newkirk v. Kovanda,* 165 N.W.2d 576, 578 (Neb. 1969). Frost, ice, snow, fog and similar weather patterns are generally insufficient to present jury questions in the application of the range of vision rule. *Newkirk,* 165 N.W.2d at 579. Western contends that it is entitled to summary judgment because Trinity was negligent as a matter of law and Hanna's actions in stopping his truck on the highway merely created a condition rather than an obstruction and therefore was not an "intervening cause" of Chesler's injuries. Trinity argues that

Western created an obstruction in the road, that Western had a duty to warn of that obstruction, and that the question of whether Western's alleged negligence was a proximate cause of Chesler's injuries should go to the jury.

There are exceptions to the range of vision rule that create a question for the jury. *See Horst*, 465 N.W.2d at 464; *Barney v. Adcock*, 75 N.W.2d 683, 691-92 (Neb. 1956) ("The general [range of vision] rule has no application in any case when reasonable minds might differ on whether or not the operator of a motor vehicle exercised the care and caution required of a reasonably careful and cautious person under the circumstances of the particular situation.") Moreover, even if Trinity were negligent as a matter of law under the range of vision rule, which Trinity disputes, that finding would not eliminate the possibility of a jury finding that Western was also negligent and liable.[2] *Looney*, 439 N.W.2d at 472 (issue of negligence on the part of the plaintiff's driver presented a question of fact despite the range of vision rule). Furthermore, the determination of causation is ordinarily a question for the trier of fact. *Tapp*, 575 N.W.2d at 348.

A failure to warn the traveling public of an obstruction in the road is continuing negligence as distinguished from a condition. *Looney*, 439 N.W.2d at 472 (quoting *Drawbridge v. Douglas County*, 311 N.W.2d 898, 902 (Neb. 1981)). In general, "it is foreseeable that oncoming traffic may

---

[2] Factual questions exist as to whether Trinity was negligent. For example, the parties dispute how fast the Trinity vehicle was going as it approached mile marker 172. Hanna testified that he thought the Trinity truck was approaching at a high rate of speed, perhaps 70-75 miles per hour (Reid's Mot., Ex. G at 158), whereas Beaty testified that he was going 15-20 miles per hour. (Reid's Mot., Ex. C at 33.) Hanna claims that he was able to stop his vehicle without hitting anything, thereby reinforcing the inference of Trinity's negligence, yet Marilyn and Leona Hesse both testified that Hanna struck their vehicle. (Trinity's Response Stmt., Ex. 2 at 24-25; Ex. 3 at 32.) *See Johnson v. Metro. Util. Dist.* 125 N.W.2d 708, 711 (Neb. 1964)(holding that an issue of fact existed as to driver's negligence where he hit a tractor protruding into the road and claimed that the sun obstructed his vision). Western has failed to show that no issue of fact exists with regard to Trinity's negligence.

collide with a disabled vehicle stopped on a highway and that the owner of such a vehicle has a duty to adequately warn of the hazardous condition or remove the vehicle from the highway." *Tapp*, 575 N.W.2d at 349.

In *Brown*, 306 N.W.2d 167, the Nebraska Supreme Court considered a case where the Nebraska power department (NPPD) created an obstruction by causing thick smoke to cover the road. Two motorists crashed in the midst of the smoke. *Id.* First, the court articulated Nebraska's general rule, quoted above, regarding the duty of a motorist who creates an obstruction to "use ordinary care to prevent injury to others where he knows that said obstruction is calculated to do injury to travelers upon [the] highway." *Id.* at 170. The court then stated that even if a jury found the motorists negligent, "such finding would not necessarily insulate any liability on the part of NPPD." *Id.* at 171.

> The question whether negligence is, in view of the intervening negligence of a third person, such a continuing and substantial factor in producing an accident as to be a proximate cause of the injury, is a question of fact, rather than a question of law.

*Id.* (internal quotations omitted).

As discussed above, there are numerous factual issues regarding whether Hanna adequately warned Trinity and other motorists of the potential danger posed by the position of his vehicle. The exact sequence in which the collision occurred is contested. *See* Western's Stmt. ¶¶ 29-30 and Trinity's Response Stmt. ¶¶ 29-30. Western has not demonstrated that there is no genuine issue of material fat as to whether it was negligent and, if so, whether its negligence was a proximate cause of Chesler's injuries.

Western also cites *Mantz v. Continental Western Insurance Co.*, 422 N.W.2d 797, 803 (Neb. 1988), which states that "a driver has a duty to have his vehicle under such reasonable control as will

7

at all times enable him to avoid a collision or accident, *assuming that other drivers or people upon the highway are also exercising ordinary care.*" (Emphasis added.) In this case, there are questions of fact as to whether the other persons involved in the collision (including Chesler and Hanna) exercised ordinary care. Western has failed to carry its burden on its motion of showing that there are no material issues of fact and that it is entitled to judgment as a matter of law.

As noted above, Trinity did not respond in its memorandum of law to the arguments made in Western's memorandum that it is entitled to summary judgment on Trinity's claim that Western failed to train, supervise and instruct Hanna properly. *See* Western's Mem. Law. Supp. Mot. Summ. J. at 13-14. However, the facts argued in Hanna's memorandum were not included in Western's Statement of Undisputed Material Facts. *See* Hanna and Western's Mot. Summ. J. at 2-7. Local Rule 56.1(a)(3) requires the moving party to include in its statement the material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law. The failure to submit such a statement constitutes grounds for denial of the motion. *Id.* This court will not consider allegedly undisputed facts that are not set out in the movant's Rule 56.1(a)(3) statement.

Accordingly, Western's motion for summary judgment [dkt 277] is DENIED.

**IT IS SO ORDERED.**

GERALDINE SOAT BROWN
United States Magistrate Judge

**DATED:** July 24, 2002